UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ZHE YANG,

                              Plaintiff,

      -against-

GREYHOUND LINES, INC.

                             Defendant.
------------------------------------------------------------------X

**VERIFIED ANSWER**

Docket No.: 07 CIV 6499

Jury Trial Demanded

ECF Case

Judge McMahon

      Defendant, GREYHOUND LINES, INC., by their attorneys, Ahmuty, Demers & McManus, Esqs., as and for their Verified Answer to plaintiff's Verified Complaint alleges as follows upon information and belief:

### AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

      FIRST:    Denies upon information and belief each and every allegation contained in paragraph designated "1" of the verified complaint.

      SECOND:    Admits each and every allegation contained in paragraph designated "2" of the verified complaint.

      THIRD:    Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "3" of the verified complaint.

      FOURTH:    Denies upon information and belief each and every allegation contained in paragraph designated "4" of the verified complaint.

      FIFTH:    Denies upon information and belief each and every allegation contained in paragraph designated "5" of the verified complaint.

SIXTH:  Denies upon information and belief each and every allegation contained in paragraph designated "6" of the verified complaint.

SEVENTH:  Denies upon information and belief each and every allegation contained in paragraph designated "7" of the verified complaint.

EIGHTH:  Denies upon information and belief each and every allegation contained in paragraph designated "8" of the verified complaint.

NINTH:  Denies upon information and belief each and every allegation contained in paragraph designated "9" of the verified complaint and respectfully refers all questions of law to the Honorable Court.

TENTH:  Denies upon information and belief each and every allegation contained in paragraph designated "10" of the verified complaint and respectfully refers all questions of law to the Honorable Court.

ELEVENTH: Denies upon information and belief each and every allegation contained in paragraph designated "11" of the verified complaint.

TWELFTH:  Denies upon information and belief each and every allegation contained in paragraph designated "12" of the verified complaint and respectfully refers all questions of law to the Honorable Court.

THIRTEENTH:  Denies upon information and belief each and every allegation contained in paragraph designated "13" of the verified complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

FOURTEENTH:  That the personal injuries and/or damages alleged to have been sustained by the plaintiff were caused entirely or in part through the culpable conduct of the

plaintiff, without any negligence on the part of the answering defendant and the answering defendant seeks a dismissal or reduction in any recovery that may be had by the plaintiff in the proportion which the culpable conduct, attributable to the plaintiff, bears to the entire measure of responsibility for the occurrence.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

FIFTEENTH:   Pursuant to CPLR 1603, this answering defendant asserts the limitations contained in CPLR 1601 and 1602 and all rights contained therein.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

SIXTEENTH:   Upon information and belief, any past or future costs or expenses incurred or to be incurred by the plaintiff for medical care, dental care, custodial care or rehabilitative services, loss of earnings or other economic loss, has been or will with reasonable certainty be replaced or indemnified in whole or in part from collateral source as defined in Section 4545(c) of the New York Civil Practice Law and Rules.

SEVENTEENTH:   If any damages are recoverable against said defendant, the amount of such damages shall be diminished by the amount of the funds which plaintiff has or shall receive from such collateral source.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

EIGHTEENTH:   That if at the time and place alleged in the plaintiff's verified complaint, there was any assault on the plaintiff by the answering defendant, and if it should be determined at the time of trial that such assault was performed against the will of the plaintiff, then such assault was justified and/or provoked by the acts and conduct of the plaintiff and/or by the circumstances then and there prevailing.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

NINETEENTH:   That the complaint fails to state a valid cause of action as against the defendant.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

TWENTIETH:   That the defendant acted at all times in good faith without malice and never used unreasonable force.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

TWENTY-FIRST:   That the plaintiff assumed the risk related to activity causing the injuries sustained.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

TWENTY-SECOND:   That the causes of action herein are barred by the applicable Statutes of Limitations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

TWENTY-THIRD:   Any injuries or damaged claimed were caused, in whole or in part, by the negligence or other culpable conduct of third parties over whom the answering defendant had no control or right to exercise such control.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

TWENTY-FOURTH: The plaintiff has failed to join all necessary and indispensable parties in some or all causes of action who would be responsible in whole or in part for the damages alleged.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

TWENTY-FIFTH:   That there is no personal jurisdiction over the person of the answering defendant, there having been no proper service of process.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

TWENTY-SIXTH:   That New York County is not the proper venue for the action as the proper venue is Detroit, Michigan.

**WHEREFORE**, the defendant, GREYHOUND LINES, INC., demands judgment dismissing the plaintiff's verified complaint on the merits; and if the plaintiff, ZHE YANG, is found to have contributed to the accident or damages, that any damages be reduced in proportion to which the plaintiff may be found to have so contributed to the accident and damages together with the costs and disbursements of this action.

Dated: Albertson, New York
       July 20, 2007

By: _____
BRIAN DONNELLY, ESQ. (4759)
AHMUTY, DEMERS & McMANUS, ESQS.
Attorneys for Defendant
**GREYHOUND LINES, INC.**
123 William Street, 26th Floor
New York, New York  10038
(212) 513-7788
Our File No.: GRH 0754N7 BJD

STATE OF NEW YORK)
: SS.:
COUNTY OF NASSAU)

BRIAN J. DONNELLY, being duly sworn, deposes and says:

That he is a member of the law firm of AHMUTY, DEMERS & McMANUS, the attorneys for the defendant, GREYHOUND LINES, INC., in the above entitled action; that he has read and knows the contents of the foregoing **VERIFIED ANSWER** and that same is true to his own knowledge, except as to those matters therein stated to be alleged on information and belief and that as to those matters he believes it to be true.

Deponent further says that the grounds for his belief as to all matters therein stated upon information and belief are statements made to him by the defendant and papers and documents received by deponent from the defendant or its representative and which are now in his possession.

Deponent further says that the reason why this verification is made by deponent and not by the defendant is that defendant is not within the County of Nassau, where deponent has his office.

BRIAN J. DONNELLY

Sworn To Before Me This
23rd Day of July, 2007.

THERESA FIELDS
Notary Public, State of New York
No. 24-5011121
Qualified in Kings County
Commission Expires April 12, 2011