UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ZHE YANG,                                             **NOTICE OF MOTION**

                         Plaintiffs,        Docket No. : 07 CIV 6499

   -against-

GREYHOUND LINES, INC.

------------------------------------------------------------X

     Upon the Affidavit of BRIAN J. DONNELLY, sworn to on the 21st day of March 2008, upon exhibits annexed thereto, and upon the accompanying Memorandum of Law, Defendant GREYOUND LINES, INC., will move this Court at the United States Courthouse located at 500 Pearl Street, New York, New York before Judge Colleen McMahon on April 17, 2008 at 9:30 a.m., for an Order, pursuant to Fed. R. Civ. P. Section 41(b) for the following Order:

     (a)    granting Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. Section 41(b) dismissing Plaintiff's Complaint for failure to prosecute her claims;

     (b)    imposing sanctions on Plaintiff and Plaintiff's counsel pursuant to Fed. R. Civ. P. Section 37(b)(3) including, but not limited to directing Plaintiff and/or Plaintiff's counsel to pay the expenses and attorneys fees Defendant has incurred as a result of Plaintiff's failure to prosecute, including but not limited to the costs of filing the instant motion; and

   (c) granting such other, further and different relief as this Court may deem just and proper.

Dated: New York, New York
   March 21, 2008

         By: _____
            BRIAN J. DONNELLY, ESQ. (BJD- 4759)
            AHMUTY, DEMERS & McMANUS, ESQS.
            Attorneys for Defendant
            Greyhound Lines, Inc.
            200 I.U. Willets Road
            Albertson, New York 11507
            516-294-5433
            Our File No. : GRH0754N7BJD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ZHE YANG,

                                          Plaintiff(s),

          -against-

GREYHOUND LINES INC.

                                          Defendant.
------------------------------------------------------------------------X

AFFIDAVIT

Docket No.:
07 CIV 6499

      **BRIAN J. DONNELLY**, being duly sworn deposes and says:

      1.      That I am a member of the law firm of AHMUTY, DEMERS & McMANUS, ESQS., attorneys for the Defendant, **GREYHOUND LINES, INC.** (hereinafter referenced as "Defendant") in the above captioned matter and as such I am fully familiar with the facts and circumstances surrounding this matter.

      2.      I submit this Affidavit in support of the instant motion for an Order granting the moving Defendants the following:

      (a)      granting Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. Section 41(b) dismissing Plaintiff's Complaint for failure to prosecute her claims; and

      (b)      imposing sanctions on Plaintiff and Plaintiff's counsel pursuant to Fed. R. Civ. P. Section 37(b)(3) including, but not limited to directing Plaintiff and/or Plaintiff's counsel to pay the expenses and attorneys fees Defendant has incurred as a result of Plaintiff's failure to prosecute, including but not limited to the costs of filing the instant motion; and

(c) granting such other, further and different relief as this Court may deem just and proper.

3. The Court should dismiss Plaintiff's Complaint in it's entirety on the ground that Plaintiff has failed to prosecute this action.

## PROCEDURAL HISTORY

4. Plaintiff commenced the instant lawsuit by the filing of a Summons and Complaint in the Supreme Court of the State of New York, New York County on June 7, 2007. [A copy of the Summons and Complaint is annexed hereto as Exhibit "A"].

5. Defendant GREYHOUND LINES INC. petitioned this Court for the removal of this action from the Supreme Court of the State of New York, County of New York to the United States District Court, Southern District of New York on or about July 16, 2007. A copy of Defendant's Notice of Removal is annexed hereto as Exhibit "B"]

6. Defendant GREYHOUND LINES INC. appeared in this action by timely service of its Answer on or about July 20, 2007. [A copy of Defendant's Answer is annexed hereto as Exhibit "C"].

7. Following a case management conference with all parties, this Court issued a Civil Case Management Plan on October 26, 2007. [A copy of the Case Management Plan is annexed hereto as Exhibit "D"].

## FACTUAL BACKGROUND

8. This case involves an alleged assault on Plaintiff, though the complaint makes boilerplate allegations of negligence against the Defendant. Specifically, Plaintiff claims that while she was at the Greyhound Lines terminal in Detroit, Michigan she was denied access to

board a coach, was allegedly attacked by two female Greyhound passengers and was harassed by Greyhound employees. Though inartfully pled, it appears that Plaintiff asserts allegations of negligent hiring against the Defendant on the ground that the Greyhound employees present during the altercation failed to intervene.

9. According to the Court's October 26, 2007 Case Management Order, both sides were to exchange Rule 26 discovery by November 9, 2007, Plaintiff's deposition was to be conducted by January 10, 2008 and Plaintiff's expert report was to be exchanged by March 3, 2008. Also according to the October 26, 2007 Case Management Order, Defendant's expert exchange is due on April 1, 2008, the discovery deadline is April 30, 2008 and a pre-trial order is due on June 6, 2008.

10. Following the case management conference on October 26, 2007 your Affirmant engaged in settlement negotiations with Plaintiff's counsel, and reached an agreement with Plaintiff's counsel to settle this case for $5,500.00. This firm sent correspondence to Plaintiff's counsel on November 12, 2007 confirming the settlement agreement and requesting that Plaintiff's counsel forward an original General Release and Stipulation of Discontinuance releasing Greyhound Lines, Inc.. In addition, your Affirmant followed up with Plaintiff's counsel via telephone and left numerous voicemail messages for Plaintiff's counsel requesting the aforesaid closing papers.

11. In addition, and as the Court may recall, your Affirmant sent correspondence to Chambers confirming the settlement agreement the parties reached on November 12, 2007 and copied Plaintiff's counsel on that correspondence. On or about December 18, 2007 and January 22, 2008 your Affirmant again sent correspondence to the Court, copying Plaintiff's

counsel, notifying the Court that Plaintiff's counsel has not provided closing papers in connection with the settlement of this action and requesting the court's assistance. On January 23, 2008, and in response to this firm's January 22, 2008 correspondence, the Court contacted this office to set up a telephone conference call with all parties. This firm, in turn made multiple phone calls to Plaintiff's counsel's office, none of which were returned, and on January 25, 2008 notified the court that Plaintiff's counsel was not returning our calls. [A copy of these correspondences are annexed hereto collectively as Exhibit "E"].

12. To date, Plaintiff has not forwarded closing papers on this matter, has not responded to any of this firm's correspondence, has not returned any of your Affirmant's phone calls, and has not made any efforts to continue with discovery. In light of the foregoing, Defendant respectfully requests that this Court dismiss the subject action on the ground that Plaintiff has failed to prosecute her claims.

## LEGAL ARGUMENT

### This Court Should Dismiss Plaintiff's Complaint in It's Entirety

13. Fed.R.Civ.P. 41(b) provides in relevant part:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal, of an action or of any claim against the defendant. Unless the court in its order fro dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication upon the merits.

A decision to dismiss an action for failure to prosecute "may be made sua sponte." See, Spencer v Doe, 139 F.3d 107, 112 (2d Cir. 1998). Although dismissal is "a harsh remedy to be utilitzed in only extreme situations, see, "United States ex re. Drake v. Norden Sys., Inc., 375 F.3d. 248, 254 (2d. Cir. 2004), "the authority to invoke it for failure to prosecute is vital

to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." See, Lyell Theatre Corp., v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982).

14. While appellate courts apply a number of factors in evaluating the propriety of a dismissal for failure to prosecute, See Drake, 375 F.3d at 254, a District Court is not required to discuss each factor in dismissing a case as long as an explanation is given for the dismissal. See Lucase v. Miles, 84 F.3d 532, 535 (2d. Cir. 1996). In the case at bar, it should be sufficient that other than attending a case management conference in October, 2007, Plaintiff's counsel has taken no action to prosecute this case. Approximately five months have elapsed since the parties reached a settlement agreement, and to date Plaintiff's counsel has not responded to any of this firm's correspondence or telephone calls from the Court. This lengty period of inaction warrants dismissal. See, Cf. Chira v. Lockheed Aircraft Corp., 634 F.3d 664, 666 (2d.Cir. 1980) (dismissal for failure to prosecute after six months of inaction).

15. In addition, Plaintiff has not complied with this Court's case management order dated October 26, 2007. Specifically, Plaintiff has not exchanged any Rule 26 discovery, has not appeared for a deposition, and has not provided an expert report. As Plaintiff has not honored the settlement agreement the parties previously reached, Plaintiff was required to conduct discovery pursuant to this Court's order. Plaintiff's failure to comply with this Court's order directing discovery also warrants dismissal of this case. See Peart v. City of New York, 992 F.2d 458, 462 (2d.Cir. 1993).

### This Court Should Impose Sanctions On Plaintiff and/or Plaintiff's Counsel

16. Fed. R. Civ. P. 37(b)(2)(A) provides in relevant part:

*For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent – or witness designated under Rule 30(b)(6) or 31(a)(4) – fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
* * *
   (v) dismissing the action or proceeding in whole or in party;

In addition, Fed. R. Civ. P. 37(b)(2)(C) provides:

*Payment of Expenses*: Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

17. As is set forth above, Defendant was compelled to make the instant motion as a result of Plaintiff's failure to provide closing papers in connection with the agreed upon settlement. As is also set forth above, as Plaintiff has not honored the settlement agreement Plaintiff is in violation of this Court's Case Management Order dated October 26, 2007. Specifically, Plaintiff has not exchanged any Rule 26 discovery, has not appeared for a deposition, and has not provided an expert report. Therefore, pursuant to the Federal Rules cited above, Defendant respectfully requests that this Court [a] dismiss Plaintiff's Complaint in it's entirety; and [b] impose sanctions against Plaintiff and/or Plaintiff's counsel directing Plaintiff and/or Plaintiff's counsel to pay the expenses and attorneys fees Defendant incurred as a result of Plaintiff's failure to prosecute, including but not limited to the cost of filing an serving the instant motion.

**WHEREFORE**, Defendant prays that this Court grant its motion in its entirety, dismissing any and all claims asserted against Defendant, Greyhound Lines, Inc. in the Complaint, imposing sanctions against Plaintiff and/or Plaintiff's counsel directing Plaintiff and/or Plaintiff's counsel to pay the expenses and attorneys fees Defendant incurred as a result of Plaintiff's failure to prosecute, including but not limited to the cost of filing an serving the instant motion; and granting such further relief as this Court deems just and proper.

Dated: New York, New York
      March 21, 2008

By: _____
BRIAN J. DONNELLY, ESQ. (BJD- 4759)
AHMUTY, DEMERS & McMANUS, ESQS.
Attorneys for Defendant
Greyhound Lines, Inc.
200 I.U. Willets Road
Albertson, New York 11507
516-294-5433
Our File No. : GRH0754N7BJD