UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ZHE YANG,

                Plaintiff,

  -against-

GREYHOUND LINES, INC.,                    Docket No.:  07 CIV 6499

                Defendant.
-------------------------------------------------------------X

## MEMORANDUM OF LAW

BRIAN DONNELLY, ESQ. (BJD- 4759)
AHMUTY, DEMERS & McMANUS, ESQS.
Attorneys for Defendants
GREYHOUND LINES, INC.
123 William Street, 27th Floor
New York, New York  10038
(212) 513-7788
Our File No.:  GRH0754N7BJD

## THE COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT ON THE GROUND THAT PLAINTIFF HAS FAILED TO PROSECUTE HER CLAIMS

1. Fed.R.Civ.P. 41(b) provides in relevant part:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal, of an action or of any claim against the defendant. Unless the court in its order of dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication upon the merits.

A decision to dismiss an action for failure to prosecute "may be made sua sponte." See, Spencer v Doe, 139 F.3d 107, 112 (2d Cir. 1998). Although dismissal is "a harsh remedy to be utilitzed in only extreme situations, see, "United States ex re. Drake v. Norden Sys., Inc., 375 F.3d. 248, 254 (2d. Cir. 2004), "the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." See, Lyell Theatre Corp., v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982).

2. In Lyell Theatre Corp., supra., the Second Circuit held that the failure to prosecute can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics. The latter may consist, for example, of groundless motions, repeated requests for continuances or persistent late filings of court ordered papers. The Second Circuit further held that such conduct may warrant dismissal after merely a matter of months. See Id. At ps. 42-43.

3. The Second Circuit in Spencer v. Doe sets forth the following factors considered in reviewing a District Court's decision on a Rule 41(b) motion: (a) the duration of the plaintiff's failure to comply with the court order; (b) whether the plaintiff was on notice that failure to comply would result in dismissal; (c) whether the defendants are likely to be

prejudiced by further delay in the proceedings; (d) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (e) whether the judge has adequately considered a sanction less drastic than dismissal. See Spencer v. Doe at page 112-113. The Second Circuit in Spencer goes on to say that no factor is dispositive, and that district courts are not required to discuss the factors on the record. See Spencer v. Doe at page 113.

4. The Second Circuit in Drake v. Noren Systems, Inc., 375 F.3d. 248 (2d. Cir. 2004) breaks down the first factor of delay to two parts: (a) whether the failures to prosecute were those of the plaintiff; and (b) whether these failures were of significant duration. In the case at bar, Plaintiff has failed to provide the closing documents in order to effectuate the settlement agreement despite this firm's continuous requests. Specifically, this case settled approximately six months ago, this firm has followed up numerous times both in writing and via telephone calls for the closing papers, and to date Plaintiff has not provided same nor has Plaintiff's counsel responded to this firm's communications.

5. In reviewing the dismissal of Plaintiff's complaint, the Second Circuit in Drake found that the delay was due to varying circumstances including (a) the government's contemplated interventions; (b) waiting for a Supreme Court ruling; and (c) waiting for a ruling on a pending motion for summary judgment. In light of these circumstances, the Second Circuit reversed the District Court's dismissal of Plaintiff's Complaint. In sharp contrast with the facts of the Drake case, the delay in the instant case is attributable only to Plaintiff's failure to provide closing papers to effectuate the settlement of this action and Plaintiff's counsel's failure respond to this firm's correspondence and voicemail messages.

6. With regard to the second factor, this firm copied Plaintiff's counsel on our March 18, 2007 correspondence to the Court seeking permission to move to dismiss this action on the ground of Plaintiff's failure to prosecute. Still, Plaintiff has not provided the closing papers nor has Plaintiff's counsel contacted this firm.

7. With regard to the third factor, the Second Circuit has found that prejudice to defendants could be presumed as a matter of law based on plaintiff's "lengthy and inexcusable delay", and in cases where "delay is more moderate or excusable, the need to show actual prejudice is proportionally greater". See Id. At p. 256. In the case at bar, the delay is lengthy and inexcusable. Specifically, this case settled approximately four months ago. Plaintiff's counsel's failure to provide closing papers for four months, coupled with his failure to respond to this firm's communications is inexcusable. In addition, Defendant is actually prejudiced insofar as Defendant continues to incur legal fees to effectuate a settlement.

8. As is set forth above, while appellate courts apply the foregoing factors in evaluating the propriety of a dismissal for failure to prosecute, See Drake, 375 F.3d at 254, a District Court is not required to discuss each factor in dismissing a case as long as an explanation is given for the dismissal. See Lucase v. Miles, 84 F.3d 532, 535 (2d. Cir. 1996). In the case at bar, it should be sufficient that other than attending a case management conference on October 26, 2007, Plaintiff's counsel has taken no action to prosecute this case. Approximately four months have elapsed since the parties reached a settlement agreement, and to date Plaintiff's counsel has not responded to any of this firm's correspondence or telephone calls. This lengthy period of inaction warrants dismissal. See, Cf. Chira v. Lockheed Aircraft

Corp., 634 F.3d 664, 666 (2d.Cir. 1980) (dismissal for failure to prosecute after six months of inaction).

9.      In addition, Plaintiff has not complied with this Court's case management order dated October 26, 2007. Specifically, Plaintiff has not exchanged any Rule 26 discovery, has not appeared for a deposition, and has not provided an expert report. As Plaintiff has not honored the settlement agreement the parties previously reached, Plaintiff was required to conduct discovery pursuant to this Court's order. Plaintiff's failure to comply with this Court's order directing discovery also warrants dismissal of this case. See Peart v. City of New York, 992 F.2d 458, 462 (2d.Cir. 1993).

## THE COURT SHOULD IMPOSE SANCTIONS ON PLAINTIFF AND/OR PLAINTIFF'S COUNSEL FOR PLAINTIFF'S FAILURE TO PROSECUTE HER CLAIMS

10.     Fed. R. Civ. P. 37(b)(2)(A) provides in relevant part:

*For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent – or witness designated under Rule 30(b)(6) or 31(a)(4) – fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
* * *
    (v) dismissing the action or proceeding in whole or in party;

In addition, Fed. R. Civ. P. 37(b)(2)(C) provides:

*Payment of Expenses*: Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

11.     As is set forth above, Defendant was compelled to make the instant motion as a result of Plaintiff's failure to provide closing papers in connection with the agreed upon settlement. As is also set forth above, as Plaintiff has not honored the settlement agreement

Plaintiff is in violation of this Court's Case Management Order dated October 26, 2007. Specifically, Plaintiff has not exchanged any Rule 26 discovery, has not appeared for a deposition, and has not provided an expert report. Therefore, pursuant to the Federal Rules cited above, Defendant respectfully requests that this Court [a] dismiss Plaintiff's Complaint in it's entirety; and [b] impose sanctions against Plaintiff and/or Plaintiff's counsel directing Plaintiff and/or Plaintiff's counsel to pay the expenses and attorneys fees Defendant incurred as a result of Plaintiff's failure to prosecute, including but not limited to the cost of filing an serving the instant motion.

12. In light of the foregoing, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety; impose sanctions against Plaintiff and/or Plaintiff's counsel directing Plaintiff and/or Plaintiff's counsel to pay the expenses and attorneys fees Defendant incurred as a result of Plaintiff's failure to prosecute, including but not limited to the cost of filing an serving the instant motion; and grant such further relief as this Court deems just and proper.

Dated: New York, New York
       March 21, 2008

By: _____
BRIAN DONNELLY, ESQ. (BJD- 4759)
Ahmuty, Demers & McManus, Esqs.
Attorneys for Defendant
GREYHOUND LINES, INC.
123 William Street, 27th Floor
New York, New York 10038
(212) 513-7788
Our File No.: GRH0754N7BJD