UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

ZHE YANG,

                Plaintiff,

    -against-                               07 Civ. 6499 (CM)

GREYHOUND LINES, INC.,

                Defendant.

_____x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/14/08

### DECISION AND ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE

McMahon, J.:

      Plaintiff commenced the instant lawsuit in the Supreme Court, New York County, on June 7, 2007. The action was removed on or about July 16, 2007. It asserts that Greyhound violated some duty to plaintiff because its employees failed to intervene in an altercation between plaintiff and two femal Greyhound passengers.

      The Court entered a case management order on October 26, 2007, at the conclusion of a Rule 16 conference. It called for the case to be trial ready by June 6, 2008.

      By November 12, 2007, the parties had ostensibly settled the matter for $5,500 and Greyhound had forwarded a General Release and Stipulation of Discontinuance to plaintiff's counsel for review and execution. The court was notified of the settlement.

      On or about December 18, 2007, the court was advised that plaintiff's counsel had failed to consummate the settlement and could not be reached. On January 22, 2008, a further letter to this effect was sent to the Court. Efforts by this court to set up a conference call among counsel were unsuccessful, as plaintiff's attorney would not return calls from defendant's counsel.

      Plaintiff's attorney has never returned the settlement documents to defendant's counsel. Nor has plaintiff taken any discovery (though the deadline for discovery has come and gone) or submitted a Pre-Trial Order (which was due on June 6).

      Defendant has moved for failure to prosecute.

      The motion is granted.

The authority to dismiss an action for failure to prosecute is vital to the efficient administration of judicial affairs. Lyell Theatre Corp. v. Loews Corp., 682 F. 2d 37, 42 (2d Cir. 1982).

Other than attending a case management conference last October, plaintiff's counsel has done nothing to prosecute this case. The case was ostensibly settled last November, but settlement papers have not been forwarded to the court for endorsement – not for lack of effort by defendant's counsel. Counsel did not see fit to make himself available for a court-ordered conference call last January. And needless to say, there has been no response to this motion, which was made on March 21, 2008. Eight months of inaction – and complete silence – from plaintiff is enough to warrant dismissal for failure to prosecute. So is plaintiff's failure to comply with this Court's case management order. Plaintiff has not provided Rule 26 discovery, has not taken any discovery whatever, has not designated an expert and has not appeared for deposition. Peart v. City of New York, 992 F. 2d 458, 462 (2d Cir. 1993).

Consideration of the three factors to consider when confronted with a motion to dismiss for failure to prosecute, as set forth by the Second Circuit in Spencer v. Doe, 139 F. 3d 107, 112 (2d Cir. 1998), and amplified in United States ex rel.Drake v. Noren Systems, Inc., 375 F. 3d 248 (2d Cir. 2004), also compels the conclusion that dismissal – while harsh – is warranted here.

First, there has been a failure by plaintiff to prosecute, and that failure has been of significant duration. Defendant cannot be taxed with failure to prosecute, because defendant's counsel has tried repeatedly to contact plaintiff's counsel and has NEVER ONCE BEEN CALLED BACK! Nor has there been any response to repeated written communications. A lawyer who literally cannot get ahold of his opponent is under no obligation to incur the expense of making meaningless discovery requests.

Second, defendants are unquestionably likely to be prejudiced by further delay in these proceedings. The longer the litigation process continues, the less likely it is that critical witnesses will be able to be located.

Third, as plaintiff has rebuffed every opportunity to be heard – in connection with the busted settlement, in opposition to the instant motion – plaintiff's interest in being heard can and should take a back seat to the court's interest in managing its docket. Like defendant's attorney, this court cannot talk to someone who refuses to acknowledge communications or to talk back.

It is true that the court did not give plaintiff advance notice that further dilatory conduct would result in dismissal, and I did not consider any lesser sanction – both of which are factors in the Spencer calculus. However, as the Second Circuit has noted, no one of the Spencer factors is dispositive. Spencer, supra., 139 F. 3d at 113. Moreover, plaintiff has not responded to this motion, even though plaintiff's counsel was copied on Greyhound's attorney's letter of March 18, 2008, in which defendant sought leave (unnecessarily) to move for dismissal of this action. I have held off doing anything for three and one half months, waiting for something to explain plaintiff's (and counsel's) extraordinary conduct. I am comfortable that dismissal is appropriate at this stage.

The action is dismissed, with prejudice and with costs to defendant.

I decline to impose monetary sanctions for plaintiff's failure to obey the court's order to take discovery. The sanction of dismissal with prejudice is sufficient under Fed. R. Civ. P. 37(b)(2)(A)(v). While Rule 37(b)(2)(C) authorizes money sanctions, "Instead of or in addition to" an order of dismissal, I do not think it appropriate. Here, defendant did not obtain dismissal of the complaint pursuant to a motion for sanctions pursuant to Rule 37 – rather, it moved for and obtained dismissal for failure to prosecute pursuant to Rule 41(b). This court would not have dismissed this action if plaintiff's only dereliction were failure to abide by the Case Management Order, and Rule 37 does not authorize the payment of sanctions when a case is dismissed pursuant to Rule 41.

The Clerk of the Court is directed to close the file.

Dated: July 14, 2008

_____
U.S.D.J.

BY ECF TO ALL COUNSEL